IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERIC LOCKETT,<br><br>            Petitioner,<br><br>vs.<br><br>MICHEAL MEYERS,<br><br>            Respondent. | 8:23CV148<br><br>**MEMORANDUM AND ORDER** |

This matter is before this Court for preliminary review of Petitioner Eric Lockett's ("Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. Filing No. 1. The Court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the Court to apply Rule 4 of those rules to a section 2241 action. For the reasons discussed below, the Court will dismiss the petition without prejudice.

In his petition, Petitioner alleged he was unlawfully detained in the Douglas County Correctional Center while awaiting trial in case number CR22-22193. Filing No. 1 at 1, 5–6. Construed liberally, Petitioner seeks to challenge the validity of his detention. *Id.* at 5. As relief, Petitioner seeks a "mandamus award" and "treble damages." *Id.* at 3. According to the Douglas County, Nebraska Department of Corrections website,

Petitioner is no longer incarcerated.[1] Moreover, Petitioner is not an inmate of the Nebraska Department of Correctional Services.[2]

As the Eighth Circuit Court of Appeals has explained,

> "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir.2000); *see* U.S. Const. art. III, § 2, cl. 1. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir.1994) (alteration in original)); *see also Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (stating an action becomes moot where it "no longer present[s] a case or controversy under Article III"). If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction. *See Powell v. McCormack*, 395 U.S. 486, 496 n. 7, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

*Ali v. Cangemi*, 419 F.3d 722, 723–24 (8th Cir. 2005).

Because Petitioner is no longer incarcerated, the Court concludes this case is moot and must be dismissed. *See McGill v. Mukasey*, No. 8:08CV345, 2009 WL 277556, at *1 (D. Neb. Feb. 5, 2009) (finding habeas petition moot where petitioner was released from custody, there was no continuing injury traceable to the respondents, and court could not issue any decision which would further the relief sought by the petitioner).

For the sake of completeness, the Court also notes that Petitioner's requested relief of "treble damages," Filing No. 1 at 3, is not available in a federal habeas corpus

---

[1] The Court takes judicial notice of the inmate locator information of the Douglas County Department of Corrections. *See* Douglas County Inmate Locator, available at, https://corrections.dccorr.com/inmate-locator, last visited December 12, 2024; *see also Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

[2] The Court takes judicial notice of the inmate locator information of the Incarceration Record Search of the Nebraska Department of Correctional Services. *See* NDCS Incarceration Record Search, *available at*, https://dcs-inmatesearch.ne.gov/Corrections/COR_input.jsp, last visited December 12, 2024.

proceeding. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

Finally, because "the detention complained of arises from process issued by a state court," Petitioner must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. The Court will enter judgment by separate document.

Dated this 12th day of December, 2024.

BY THE COURT:

*/s/ Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge